**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| CAPE CREIG, LLC,<br><br>              Plaintiff,<br>   vs.<br><br>F/V FREEDOM, Official No. 657182, its Engines, Machinery, Appurtenances, etc, <u>In Rem</u><br>and<br>RONALD SMITH, *In Personam*,<br><br>              Defendants. | 3:13-cv-112-SLG-JDR<br><br>**<u>ORDER GRANTING MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN; FOR PERMISSION TO MOVE THE VESSEL, AND FOR BOARDING AND INSPECTION</u>**<br><br>(Docket No. 4) |

Plaintiff Cape Greig, LLC, by and through their attorney, John E. Casperson of Holmes Weddle & Barcott, P.C., having appeared, now make the following recitals:

      1.     On June 20, 2013, a complaint herein was filed praying that the defendant vessel F/V FREEDOM, Official No. 657182, its engines, machinery, and appurtenances, etc. ("Vessel"), be condemned and sold to pay Plaintiff's claims and for other proper relief.

      2.     In the immediate future, the Clerk of this Court is expected to issue a warrant for arrest of the Vessel, commanding the United States Marshal for

this District to arrest and take into custody the Vessel and to detain the same in its custody until further order of this Court respecting same.

3. It is contemplated that the United States Marshal will seize the Vessel forthwith. Custody by the United States Marshal requires the services of one or more keepers at charges substantially in excess of those to be made by the substitute custodian alone, not including charges for moorage and the other services usually associated with safekeeping vessels similar to the defendant Vessel.

4. The Vessel is currently located at Cook Inlet, Alaska. Plaintiff is agreeable to allow Dustin Clark to assume the responsibility of safekeeping the Vessel, and Mr. Clark has consented to act as it's custodian until further order of this Court. Mr. Clark has also consented to move the Vessel from its current location to Pac Star boat yard in Kenai, Alaska, if necessary to provide for its care and keeping for security purposes.

5. Mr. Clark, by certification submitted herewith and made a part hereof, avers that he can supervise the defendant Vessel at a charge of $20.00 per day, and that he is the beneficiary of insurance, for damage sustained by third parties due to negligence committed during custody through the United States Marshal's office. Further, in said certification substitute custodian accepts, in accordance with the terms of this order, possession of the defendant Vessel, its

engines, machinery, and appurtenances, etc., which is the subject of the action herein.

6. In consideration of the United States Marshal's consent to the appointment of Mr. Clark as substitute custodian, Plaintiff agrees to release the United States and the United States Marshal from any and all liability and responsibility arising out of care and custody of the Vessel, from the time the United States Marshal transfers possession of the Vessel over to said substitute custodian, and Plaintiff further agrees to hold harmless and indemnify the United States and the United States Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

THEREFORE, IT IS ORDERED that the United States Marshal for the District of Alaska is authorized, upon seizure of the Vessel, pursuant to Warrant for Arrest, to surrender the possession thereof to Mr. Clark as substitute custodian named herein, and that upon such surrender the United States Marshal shall be discharged from the duties and responsibilities for the safekeeping of the Vessel and held harmless from any and all claims arising whatever out of said custodial services.

IT IS FURTHER ORDERED that Mr. Clark is appointed custodian of the Vessel and shall retain the Vessel in his custody for possession and safekeeping until further order of this Court and that Mr. Clark may move the Vessel from its

current location to a secure facility, if necessary, to provide additional security and safekeeping, subject at all times to the order and direction of the custodian. All costs for such movement and safekeeping shall be paid by Plaintiff, and may, upon further order of this Court, be deemed administrative costs herein.

IT IS FURTHER ORDERED that the substitute custodian may permit boarding and inspection of the Vessel by marine surveyors, Plaintiff, and prospective purchasers in order to protect and preserve the Vessel and to determine the Vessel's condition and value. All costs of such boardings and inspections shall be paid by Plaintiff and may, upon further order of this Court, be deemed administrative costs herein. All persons entering on board the Vessel shall execute a waiver and release in the form attached hereto.

IT IS FURTHER ORDERED that Plaintiff's attorney serve a copy of this order on the owner of the Vessel. It is further requested that the Clerk of this Court deliver three certified copies of this order to the United States Marshal forthwith.

DATED this 21st day of June, 2013, at Anchorage, Alaska.

/s/ *John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge